```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


CRAIG MUNDLE,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     No. 4:10 CV 2116 DDN
                                 )
LINDE, LLC, AND ENVIRONMENTAL    )
MANAGEMENT CORPORATION,          )
                                 )
            Defendants.          )
```

**MEMORANDUM AND ORDER**

This action is before the court on its own motion to determine whether the court has subject matter jurisdiction over the claims of plaintiff Craig Mundle. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court discussed the jurisdictional matter with counsel for all parties at the Rule 16 scheduling conference on March 31, 2011.

On November 9, 2010, plaintiff Craig Mundle commenced this action by filing his original complaint. In the style of the complaint, plaintiff lists a single defendant, "Linde LLC (Linde), d/b/a Environmental Management Corporation, a Missouri Corporation, Defendant." (Doc. 1.) However, the original complaint alleges, "Defendant Environmental Management Corporation, is a Missouri Corporation whose corporate headquarters is 330 Fellowship Road, Suite 300, Mt. Laurel, New Jersey 08054." (Id. at ¶ 3.) That complaint seeks monetary damages only against defendant Linde for the state court claims of breach of an employment contract (Count I), promissory estoppel (Count II), and quantum meruit (Count III). (Id.)

The original complaint did not specifically assert any basis for the court's jurisdiction over the subject matter of the action. However, Mundle alleged he is a Missouri resident and that Linde is a Delaware Corporation. These allegations are sufficient to establish diversity of citizenship for the purposes of Congress's grant of subject matter jurisdiction. See 28 U.S.C. § 1332(a), (c)(1).

On February 2, 2011, plaintiff filed an amended complaint in which he added Environmental Management Corporation as a second corporate defendant. He alleges in the amended complaint that EMC is organized and existing under Missouri law and is located in Missouri. With the addition of EMC as a defendant in its own right, the plaintiff and one of the defendants appear to be citizens of Missouri. This calls into question whether, as discussed below, the parties now have the complete diversity of citizenship that 28 U.S.C. § 1332 requires.

In his amended complaint, plaintiff alleges that he resides in Missouri, that defendant Linde is a Delaware corporation, and that defendant EMC is a Missouri corporation "existing under Missouri law at 1001 Boardwalk Springs Place, Suite 100, O'Fallon, Missouri 63368." (Doc. 3 at ¶ 3.) The amended complaint again alleges only state law claims of breaches of contracts (Counts I and II), promissory estoppel (Counts III and IV), quantum meruit (Count V), negligent misrepresentation (Count VI), and breach of the covenant of good faith and fair dealing (Count VII). In each of these 7 counts Linde seeks monetary damages from both of the defendants.

**DISCUSSION**

Although the parties do not question the court's subject matter jurisdiction over this action, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they may raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, --- U.S. ----, 131 S. Ct. 1197, 1202 (2011). The court must be independently satisfied that it has the power vested in it by Congress and the Constitution to preside over the action and render a judgment. Bowles v. Russell, 551 U.S. 205, 212-13 (2007). Such power cannot be conferred by the consent or conduct of the parties. Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971).

Under 28 U.S.C. § 1332, the court has subject matter jurisdiction over an action in which there is complete diversity among the parties, that is, "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Junk v. Terminex Int'l Co., 628 F.3d

439, 445 (8th Cir. 2010). The parties all agree that plaintiff Mundle is a Missouri citizen, defendant Linde is a Delaware citizen, and defendant EMC is a Missouri citizen. Although EMC's presence in the suit appears to destroy the required complete diversity, the parties contend that EMC's citizenship need not be considered because EMC is only a "nominal party" to the action, because (1) plaintiff's claims are based on promises and representations made by Linde and Linde was the beneficiary of plaintiff's uncompensated efforts, and (2) Linde has agreed to assume EMC's defense and indemnify EMC for any adverse judgment in this action.

In determining whether complete diversity exists, the court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). That said, "parties who have a real interest in the litigation, who are the subjects of a real cause of action, or who are otherwise necessary or indispensable parties will not be considered merely nominal or formal parties." Fisher v. Dakota Cmty. Bank, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005). A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it. Id.; 15 Moore's Federal Practice § 102.15 (3d ed. 2011).

**A. Claims Against EMC**

Plaintiff's argument that EMC is a nominal party because Linde made the promises and representations that induced him to continue performing his regular and additional job duties from which Linde benefitted is undermined by his claims against both Linde and EMC. (Doc. 3 at ¶¶ 18-44.) Because plaintiff has brought each of his claims against both Linde and EMC, EMC cannot be considered a nominal party. Fisher, 405 F. Supp. 2d at 1095. See also Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981) (defendants' citizenship may be ignored if "defendants are merely nominal parties *against whom no real relief is sought*") (emphasis added); Code Consultants, Inc. v. G.M. Hock Constr. Inc., 702 F. Supp. 766, 767 (E.D. Mo. 1989) ("Finally, and perhaps most persuasive

from a practical standpoint, plaintiff cannot now be heard to argue that two of the defendants are nominal parties for diversity purposes when plaintiff initially adjudged those same parties to have a substantial interest in this lawsuit to name them as defendants.").

**B.  Indemnity**

Similarly, that Linde has agreed to defend and indemnify EMC in this action does not render EMC a nominal party.  "[T]he mere fact that a defendant is indemnified by another defendant does not transform the indemnified defendant into a nominal party." Patrick v. Porter-Cable Corp., Civil No. 3:10cv131 (MRK), 2010 WL 2574121, at *4-5 (D. Conn. Apr. 1, 2010).  Although it may be unlikely that EMC itself would be forced satisfy a judgment obtained by plaintiff against it, it is not wholly unforeseeable that Linde or its insurer could become insolvent. Id. at *4.  As such, EMC has a "clear interest" in the outcome of this action, and is not merely a nominal party.  Id.

Therefore, complete diversity of citizenship does not exist.  The court will, however, grant plaintiff 14 days to file an amended complaint that alleges a sufficient statement of the grounds for the court's subject matter jurisdiction.  Tolen v. Ashcroft, 2002 WL 172437 at * 7 (E.D.Mo. February 4, 2002); Fed.R.Civ.P. 8(a)(1); Wright and Miller, 5B Federal Practice and Procedure ¶ 1350, note 57, and cases cited thereat (West 2004).  Otherwise, the action must be dismissed for lack of subject matter jurisdiction.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff may have until close of business on May 4, 2011 to file a motion for leave to file a second amended complaint that sufficiently indicates that the court has subject matter jurisdiction.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 20, 2011.